2. COSTS (§ 110*)—SECURITY FOR—"OFFICE FOR THE REGULAR TRANSACTION OF BUSINESS IN PERSON."

> The expression "office for the regular transaction of business in person," as used in Code Civ. Proc. § 3160, does not necessarily mean one who carries on some business at some particular place of which he is proprietor; hence the place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business transacted.
>
> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427, 428, 430; Dec. Dig. § 110.*]

Appeal from City Court of New York, Special Term.

Action by Edward Brassack against the Interborough Rapid Transit Company. From an order of the City Court of New York, directing plaintiff to furnish security for costs, he appeals. Reversed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Louis M. Block (Isaac Siegel, of counsel), for appellant.

James L. Quackenbush (Bayard H. Ames and John Montgomery, of counsel), for respondent.

━━━━━━━━

(66 Misc. Rep. 189.)

BRASSACK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. February 15, 1910.)

COSTS (§ 110*)—NONRESIDENT PLAINTIFF—SECURITY FOR COSTS.

> Code Civ. Proc. § 3159, provides that the provisions of the act applicable to the City Court of New York are subject to the exceptions expressed or implied in the title. Section 3160 provides that a plaintiff in an action in the City Court of New York, who has an office for business in the city of New York, is deemed a resident of that city, within the meaning of section 3268, which authorizes the defendant to require security for costs when plaintiff resides without the city or county wherein the court is located. Plaintiff was a married woman, residing in the borough of Brooklyn. Held that, in so far as section 3268 applies to the City Court

of New York, residence in the borough of Brooklyn is not residence within the city or county where the City Court is located, and an order requiring plaintiff to furnish security for costs was proper.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 430; Dec. Dig. § 110.*]

Appeal from City Court of New York, Special Term.

Action by Sarah Brassack against the Interborough Rapid Transit Company. From an order of the City Court of New York, directing plaintiff to furnish security for costs, she appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Louis M. Block (Isaac Siegel, of counsel), for appellant.

James L. Quackenbush (Bayard H. Ames and John Montgomery, of counsel), for respondent.

SEABURY, J. Upon the affidavits submitted the court was justified in concluding that the plaintiff resides with her husband at 641 Blake avenue, borough of Brooklyn, city of New York. Under these circumstances the court below was authorized to require her to furnish security for costs, under section 3268 of the Code of Civil Procedure.

In so far as section 3268 is applicable to the City Court of the city of New York, it is subject to the qualifications and exceptions contained in sections 3159 and 3160 of the Code of Civil Procedure. Section 3268 of the Code authorizes the defendant to require security for costs when the plaintiff resides without "the city or county * * * wherein the court is located." In so far as this section applies to the City Court of the city of New York, residence in the borough of Brooklyn is not residence within the city or county where the City Court is located. The plaintiff being neither a resident nor within the provisions of section 3160 of the Code of Civil Procedure, the order requiring her to furnish security for costs was proper.

Order affirmed, with $10 costs and disbursements. All concur.